Marcus A. Nussbaum, Esq. (MN 9581)
Ilya Fishkin, Esq. (IF 4948)
169 Commack Road, Ste. H371
Commack, New York 11725
Tel: 201-956-7071
Fax: 347-572-0439
marcus.nussbaum@gmail.com
*Attorneys for Plaintiffs and*
*the putative FLSA Collective*
*and Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YEVGENIY ALPEROVICH and YURIY A. VILINSKIY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>V & P ALTITUDE CORP., HENRY ASNES and PETER ASNES, Jointly and Severally,<br><br>Defendants. | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs YEVGENIY ALPEROVICH and YURIY A. VILINSKIY (the "Plaintiffs"), individually and on behalf of all others similarly situated, as collective and class representatives, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees who worked for Defendants' business as installers of shower doors, windows, store front glass and glazing, and mirrors at various construction sites within New York City, in both residential and commercial buildings.

2. Defendants' business is a Contractor that operates within the New York City area and specializes in, among other things, Design and Engineering, Project Management, Glass and Glazing, window and door installation and erection and sheet metal work.

3. For their work, and despite the fact that they typically worked in excess of forty (40) hours each week, Plaintiffs were paid a fixed wage twice a month and which at all times fell below the minimum wage.

4. Defendants' payment schemes resulted in systemic underpayment of wages to Plaintiffs and Defendants' other employees (both hourly and salaried) in violation of federal and state wage laws.

5. Plaintiffs bring this action to recover unpaid minimum wages and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiffs also bring claims for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

6. Plaintiffs brings their FLSA claims on behalf of themselves and all other similarly situated employees who worked for Defendants at any time during the three (3) years prior to the commencement of this action.

7. Plaintiffs brings their NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all those employed as plaintiffs (with plaintiffs' job duties and responsibilities as set forth herein) as well as all other non-exempt employees of Defendants in New York, who worked for Defendants at any time during the six (6) years prior to the commencement of this action (on an hourly or salary basis). The class includes those whose duties included installation of shower doors, windows, store front glass and glazing, and mirrors at various construction sites within New York City, in both residential and commercial buildings.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendants' businesses are located in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

11. Plaintiff YEVGENIY ALPEROVICH ("Alperovich") was, at all relevant times, an adult individual residing in Kings County, Brooklyn New York.

12. Alperovich was hired by defendants V & P ALTITUDE CORP., HENRY ASNES and PETER ASNES to perform the work described herein for Defendants' business within the five boroughs of New York City from approximately August of 2019 through approximately August of 2022.

13. At all times during plaintiff' employment at Defendants' business, Alperovich's duties included, but was not limited to installation of shower doors, windows, store front glass and glazing, and mirrors at various construction sites within New York City, in both residential and commercial buildings.

14. Pursuant to Defendants' policy and pattern or practice, Alperovich regularly performed work for defendants' benefit without compensation. Defendants did not pay Plaintiff overtime for the hours he worked for defendants' benefit in excess of 40 hours in a workweek.

15. Alperovich consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is filed contemporaneously herewith.

16. Plaintiff YURIY A. VILINSKIY ("Vilinskiy") was, at all relevant times, an adult individual residing in Kings County, Brooklyn New York.

17. Vilinskiy was hired by defendants V & P ALTITUDE CORP., HENRY ASNES and PETER ASNES to perform the work described herein for Defendants' business within the five boroughs of New York City from approximately April of 2018 through approximately December of 2022.

18. At all times during Vilinskiy's employment at Defendants' business, Vilinskiy's duties included, but was not limited to installation of shower doors, windows, store front glass and glazing, and mirrors at various construction sites within New York City, in both residential and commercial buildings.

19. Pursuant to Defendants' policy and pattern or practice, Vilinskiy regularly performed work for defendants' benefit without compensation. Defendants did not pay Vilinskiy overtime for the hours he worked for defendants' benefit in excess of 40 hours in a workweek.

20. Vilinskiy consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is filed contemporaneously herewith.

**Defendants:**

21. Upon information and belief, defendant HENRY ASNES is an individual residing in the State of New York.

22. Upon information and belief, defendant PETER ASNES is an individual residing in the State of New York.

23. Upon information and belief, V & P ALTITUDE CORP. ("V&P" or "Corporate Defendant") is a New York Corporation with its principal place of business at 3709 Fort Hamilton Pkwy, Brooklyn, NY 11218.

24. Upon information and belief, Defendant HENRY ASNES is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

25. Upon information and belief, Defendant PETER ASNES is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

26. Defendants PETER ASNES HENRY ASNES are also referred to herein as the "Individual Defendants".

27. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

28. The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiffs and the Corporate Defendant's other similarly situated employees, and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

29. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

30. At all relevant times, Plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

31. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

32. At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## **FLSA COLLECTIVE ACTION ALLEGATION**

33. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring the First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since June 27, 2020 and through the entry of judgment in this case (the "Collective Action Period") including those whose duties included installation of shower doors, windows, store front glass and glazing, and mirrors at various construction sites within New York City, in both residential and commercial buildings, and other non-exempt employees (the "Collective Action Members").

34. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay minimum wages for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wages for all hours worked or overtime premium payments for all hours worked in excess of forty (40) hours per week.

35. Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## **RULE 23 CLASS ACTION ALLEGATIONS**

36. Pursuant to the NYLL, Plaintiffs bring the Second through Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since June 27, 2017 and through the entry of judgment in this case (the "Collective Action Period") including those whose duties included installation of shower doors, windows, store front glass and glazing, and mirrors at various construction sites within New York City, in both residential and commercial buildings, and other non-exempt employees (the "Class Members").

37. <u>The Class Members are readily ascertainable</u>. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

38. <u>The Class Members are so numerous that joinder of all members is impracticable</u>. Upon information and belief, there are at least forty (40) Class Members.

39. <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class</u>. These common questions include, but are not limited to:

    a. whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

    c. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members wages for all hours worked;

    d. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members minimum wages for all hours worked;

    e. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

    f. whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

    g. whether Defendants failed to provide proper wage notices to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

    h. whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

    i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

40.     <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, were employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek and did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

41.     <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

42.     Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

43.     <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

44.     Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

45.     The individual members of the Class have no interest or capacity to bring separate actions and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

46.     At all relevant times, Defendants have been in the business of operating the business known as V & P ALTITUDE CORP. which is a Contractor that operates within the New York City area and specializes in, among other things, Design and Engineering, Project Management, Glass and

9

Glazing, window and door installation and erection and sheet metal work.

47. Upon information and belief, throughout the relevant time periods, the Individual Defendants have owned, operated, and managed the business described herein.

48. The Individual Defendants are a frequent presence at V&P's business location and take an active role in ensuring that said business is run in accordance with Defendants' procedures and policies.

**Plaintiffs' Work for Defendants**

49. <u>Plaintiff YEVGENIY ALPEROVICH.</u> Plaintiff ALPEROVICH is a former employee who worked at Defendants' herein described business. business is a Contractor that operates within the New York City area and specializes in, among other things, Design and Engineering, Project Management, Glass and Glazing, window and door installation and erection and sheet metal work. Plaintiff's duties included, but was not limited to installation of shower doors, windows, store front glass and glazing, and mirrors at various construction sites within New York City, in both residential and commercial buildings.

50. During his employment with Defendants, Plaintiff ALPEROVICH solely worked in and around the five boroughs of New York City.

51. Plaintiff ALPEROVICH worked for defendants from approximately August of 2019 through approximately August of 2022.

52. From approximately August of 2019 through approximately August of 2022, when Plaintiff ALPEROVICH worked at defendants' business, he typically worked six (6) days per week for at least ten (10) hours per day.

53. For his work at the defendants' business, and despite the fact that he typically worked in excess of forty (40) hours each week, Plaintiff ALPEROVICH was paid a fixed pay

twice a month and which at all times fell below the minimum wage. During the time that he worked at the defendants' business, Plaintiff ALPEROVICH received his wages by check or combination of cash and check with no breakdown of the hours that he worked or his regular or overtime rates.

54.     Plaintiff ALPEROVICH alleges that besides a lunch break, he was frequently unable to take a break of any kind when he worked at defendants' business.

55.     <u>Plaintiff YURIY A. VILINSKIY.</u> Plaintiff VILINSKIY is a former employee who worked at Defendants' herein described business. business is a Contractor that operates within the New York City area and specializes in, among other things, Design and Engineering, Project Management, Glass and Glazing, window and door installation and erection and sheet metal work. Plaintiff's duties included, but was not limited to installation of shower doors, windows, store front glass and glazing, and mirrors at various construction sites within New York City, in both residential and commercial buildings.

56.     During his employment with Defendants, Plaintiff VILINSKIY solely worked in and around the five boroughs of New York City.

57.     Plaintiff VILINSKIY worked for defendants from approximately April of 2018 through approximately December of 2022.

58.     From approximately April of 2018 through approximately December of 2022, when Plaintiff VILINSKIY worked at defendants' business, he typically worked six (6) days per week for at least ten (10) hours per day.

59.     For his work at the defendants' business, and despite the fact that he typically worked in excess of forty (40) hours each week, Plaintiff VILINSKIY was paid a fixed pay twice a month and which at all times fell below the minimum wage. During the time that he worked at the defendants' business, Plaintiff VILINSKIY received his wages by check or combination of

cash and check with no breakdown of the hours that he worked or his regular or overtime rates.

60.     Plaintiff VILINSKIY alleges that besides a lunch break, he was frequently unable to take a break of any kind when he worked at defendants' business.

61.     Defendants are well aware of their legal obligations under the FLSA and NYLL and knowingly and intentionally violated the law by failing to pay Plaintiffs and the Collective and Class Action Members minimum wages for all hours worked, overtime premiums and in failing to provide proper wage notices and wages statements as required by the NYLL.

**Defendants' Unlawful Corporate Policies**

62.     Defendants engaged in a regular practice of paying plaintiffs and class members on a late basis, pay due on Friday being on Monday instead, afterwards pay being due on Friday being paid on Tuesday instead, until such time that defendants completely failed to pay employees for an entire pay cycle.

63.     Plaintiffs and the Collective and Class Action Members were paid by the same corporate policies of Defendants, including failing to pay minimum wages for all hours worked, overtime premiums and in failing to provide proper wage statements and wage notices and in engaging in late payments.

64.     Defendants did not provide Plaintiffs or the Collective and Class Action Members with proper wage notices at the time of hire or by February 1 of each year.

65.     Defendants failed to provide accurate wage statements to Plaintiffs and the Collective and Class Action Members which reflected, among other information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

66.     Despite the fact that Plaintiffs typically worked over forty (40) hours each week, Defendants did not pay them overtime premiums of one and one-half (1.5) their hourly rate.

67. Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

68. Plaintiffs, on behalf of themselves and the Collective Action Members, repeats and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

70. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.

72. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

73. Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

75. Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiffs and the Class Members)**

76. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77. Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

78. Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

79. Plaintiffs, on behalf of themselves and the Class Members, repeat and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

81. Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

82. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83. Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs and the Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay

day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post- judgment interest, and injunctive and declaratory relief.

### SIXTH CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
**(Brought on Behalf of Plaintiffs and the Class Members)**

85. Plaintiffs, on behalf of themselves and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86. Defendants have willfully failed to supply Plaintiffs and the Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

87. Due to Defendants' violations of the NYLL, Plaintiffs and Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h. An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

i. An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:   Brooklyn, New York
         June 19, 2023

Respectfully submitted,

**LAW OFFICES OF ILYA FISHKIN, P.C.**

/s/  Marcus Aurelius Nussbaum
By:  Marcus A. Nussbaum, Esq. (MN 9581)
Ilya Fishkin, Esq. (IF 4948)
169 Commack Road, Ste. H371
Commack, New York 11725
Tel: 201-956-7071
Fax: 347-572-0439
marcus.nussbaum@gmail.com
*Attorneys for Plaintiffs and the putative FLSA Collective and Class*