# MARCUS A. NUSSBAUM, ESQ.

Attorney & Counselor-at-Law  
* Admitted in NY, NJ and PA

3059 Brighton 7th Street, Fl. 1  
Brooklyn, NY 11235  
Tel.: (201) 956-7071  
Fax : (347) 572-0439  
https://marcusnussbaum.com/  
Email: marcus.nussbaum@gmail.com

March 11, 2024

**Via ECF**
Honorable Joseph A. Marutollo, U.S.M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Alperovich et al. v. V&P Altitude Corp. et al*
Docket No.: 1:23-cv-04804-MKB-JAM

Dear Honorable Magistrate Judge Marutollo:

The parties in the above-referenced matter have reached a settlement of their wage and hour dispute and seek approval of their settlement as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). This letter is submitted with the consent of all parties.

## Background

Plaintiffs Yevgeniy Alperovich and Yuriy A. Vilinskiy[1] are former employees who worked for Defendants' business as installers of shower doors, windows, store front glass and glazing, and mirrors at various construction sites within New York City, in both residential and commercial buildings. Defendants' business is that of a Contractor that operates within the New York City area and specializes in window and door installation and erection.

Plaintiffs alleged that they they typically worked in excess of forty (40) hours each week, and were paid a fixed wage twice a month which at all times fell below the minimum wage.

In the Complaint, Plaintiffs allege wage and hour violations against the above-referenced defendants under the FLSA and NYLL. Specifically, Plaintiffs claim that defendants:

(1) Failed to pay Plaintiffs and other similarly situated employees for all hours worked, including overtime, in violation of the FLSA and New York law;

---

[1] As the Court is aware, this matter also settled (with permission of the mediator and the defendants) on behalf of a third individual, Mr. Sergei Khovrin, who would have joined this action as a plaintiff in an Amended Complaint if the matter were to proceed forward past the mediation. Accordingly, Messrs. Alperovich, Vilinskiy and Khovrin are collectively referred to herein as "Plaintiffs".

**Re:**   *Alperovich et al. v. V&P Altitude Corp. et al*
Docket No.: 1:23-cv-04804-MKB-JAM
March 11, 2024
Page 2 of 4

(2) Failed to provide Plaintiffs and other similarly situated employees with the appropriate wage notices and wage statements as required under N.Y. Lab. Law §§ 195(1) and 195(3).

(3) Engaged in a regular practice of paying plaintiffs and class members on a late basis, first, pay due on Friday being paid on Monday instead, then afterwards, pay being due on Friday being paid on Tuesday instead, until such time that defendants completely failed to pay employees for an entire pay cycle.

Defendants denied any violation of law and disputed Plaintiff's factual allegations regarding the terms of their employment with Defendants, the hours worked, and the sufficiency of the payments made.

## Settlement Terms

As set forth in the attached settlement agreement, the parties have agreed to settle the Plaintiffs' collective claims for $70,000. The terms of the settlement, and the further terms and conditions reflected in the written Settlement Agreement represent a reasonable compromise of the *bona fide* disputed issues in this case. The parties therefore seek approval of the settlement, with a breakdown of these funds as follows: $26,931.62 to Mr. Alperovich, $16,487.23 to Mr. Khovrin, $2,545.82 to Mr. Vilinskiy, $702 as costs, and $23,333.33 to counsel as attorneys' fees. The settlement amount will be paid in lump sum payments of $10,000.00 per month beginning on 30 days of approval of the Settlement Agreement.

The settlement agreement does not include a confidentiality agreement or a non-disparagement agreement. The releases in the agreement are mutual and are limited to claims that are germane to this action.

The parties believe that the settlement here reflects a reasonable compromise of the disputed issues and any actual or potential claims. For the Plaintiffs, the certainty of the settlement agreed to is better than the uncertain outcome of costly and protracted litigation. In addition, Plaintiffs believe that the payments for the agreed upon amount is in their best interest. Defendants recognize the inherent uncertainty of litigation and the expenses associated with a matter such as this one. For these reasons, the parties seek the Court's approval of the agreement.

## *Cheeks* Analysis

As the Court is aware, an examination of whether an agreement is fair and reasonable under *Cheeks* involves consideration of "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length

bargaining between experienced counsel; and (5) the possibility of fraud or collusion." See *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

A court may also consider: "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstances will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336 (internal quotation marks omitted).

These issues are addressed below.

*Range of possible recovery*: Under Plaintiffs' calculations, the amount of unpaid wages they would be owed if they prevailed on all aspects of her wage and hour claims is approximately $189,576.00. Defendants claim that Plaintiffs did not work as many hours as they claimed and that the figures are inaccurate. While Plaintiffs believe that they employ the correct method to determine the amount owed, Defendants dispute Plaintiffs' allegations regarding their employment and hours of work and it is Defendants' position that the amount owed to Plaintiffs, if anything, would be lower than Plaintiffs allege. If this matter proceeded to litigation, Plaintiffs would also seek liquidated damages at 100% of the wage underpayments, and statutory damages under New York Labor Law § 195 and 198 (in this case, a maximum of $30,000) for Defendants' alleged failure to provide proper wage notifications to Plaintiffs.

While the agreed to settlement amount reflects a discount in the amount Plaintiffs believe that they are owed, the settlement amount as agreed upon by the Parties is significant considering the inherent risks of litigation and the defenses and counterclaim asserted by Defendants. The determination of whether or not a settlement amount is reasonable "does not involve the use of a mathematical equation yielding a particular sum." *Frank v. Eastman Kodak, Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (internal citations and quotations omitted). In reaching this agreement, Defendants' ability to pay was a factor. Defendants have represented that Defendants would likely not be able to satisfy a judgment should one have been obtained in this case for the maximum amount Plaintiffs sought.

The attorneys' fees of $23,333.33 are also fair and reasonable. Plaintiffs agreed, upon retaining Plaintiff's counsel, that counsel would receive 33% of the settlement amount. Thirty-three percent of the full settlement amount represents a lower amount than counsel's lodestar. Plaintiffs' counsels' work – which is detailed in the attached exhibits – has included interviewing the Plaintiffs, investigating the identity of Defendants, engaging in pre and post-litigation settlement negotiations, drafting the Complaint, preparing damages calculations, preparing and revising the settlement agreement, and preparing this submission. As a lodestar check on the

**Re:** *Alperovich et al. v. V&P Altitude Corp. et al*
Docket No.: 1:23-cv-04804-MKB-JAM
March 11, 2024
Page 4 of 4

33% figure of $23,333.33, Plaintiffs' lodestar in this case would amount to $24,750. Counsel's time records and declaration concerning counsel's qualifications and rates are attached to this application.

*Avoiding burdens/expenses and litigation risk*: In Plaintiffs' estimation, the primary risk this settlement minimizes is the risk that they would obtain a judgment that they could not enforce. By agreeing to the amount of payment here, Plaintiffs avoid the scenario in which they obtains a judgment but is left with years of litigation to try to enforce that judgment. The assurances of prompt payment was a significant factor weighing in favor of a settlement. Given the temporal vagaries of trial dates, post-trial motions, and appeals, a prompt resolution was a significant factor in accepting a settlement as well.

As to the burden of proceeding, all parties are motivated to avoid the burden and expense of a trial. Extensive discovery and pre-trial preparation was to have taken place if the case did not settle.

In sum, weighing the benefit of a secure payment which ensures a meaningful amount paid to Plaintiffs against the risks and burdens associated with proceeding with a lengthy litigation, the settlement is reasonable.

*Arms-length bargaining/risk of fraud*: The parties in this case reached a settlement after extensive negotiation. The settlement discussions were arm's length, involved no fraud or collusion, and involved experienced counsel and fully informed parties on both sides.

In sum, for all of these reasons, the settlement here is fair and reasonable, and all parties ask that it be approved by the Court.

As always, we thank the Court for its continued courtesy and consideration in this matter.

Respectfully submitted,

/s/ Marcus Aurelius Nussbaum
Marcus A. Nussbaum, Esq.

Cc: **Via ECF**
All Counsel of Record